USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CLAUDE REESE, individually and on behalf of all : others similarly situated,

                                  Plaintiff,

                    -against-

THE MCGRAW-HILL COMPANIES, INC., HAROLD MCGRAW III, and ROBERT J. BAHASH,

                          Defendants.

-------------------------------------------------------------------x

08 Civ. 7202 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

This is a securities fraud action brought on behalf of a putative class of McGraw-Hill shareholders to recover for "Defendants' false and misleading statements regarding McGraw-Hill's true financial circumstances and future business prospects . . . ." (Second Amended Complaint ("Complaint") ¶ 3.) Plaintiffs assert a violation of Section 10(b) of the Exchange Act of 1934 and Rule 10b-5, and a violation of Section 20(a) of the Exchange Act of 1934.

Pending before the Court are four motions: plaintiffs' two motions for judicial notice; defendants' motion to dismiss the second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and plaintiffs' motion to modify the stay of discovery. The Court resolves each motion as set forth below.

### A. The Court grants the motions for judicial notice.

Both the April 13, 2011 U.S. Senate Permanent Subcommittee on Investigations' Staff Report entitled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" and the existence of an Illinois civil action against McGraw-Hill and S&P pursuant to the Illinois Unfair Trade Practices Act are matters of public record. The Court

takes judicial notice of their existence. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

## B.  The Court grants defendants' motion to dismiss.

The Complaint fails to set forth "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although plaintiffs' Complaint identifies three categories of misstatements, none are actionable. In addition, the Complaint fails to allege facts sufficient to support an inference of scienter.

First, plaintiffs allege that S&P misled investors by representing that it had "market lead[ing] software, that it used "transparent and independent decision-making" to produce "independent and objective analysis," and that "excelled" in its role. (Compl. ¶¶ 253, 271, 290, 297.) These statements are mere commercial puffery. "[I]ntegrity and risk management are 'matters of great importance to investors,'" but general statements by a defendant that "it 'set the standard for best practices in risk management'" are "precisely the type of puffery" that may not undergird a Section 10b-5 claim. *In re JP Morgan Chase Sec. Litig.*, No. 02 Civ. 1282, 2007 U.S. Dist. LEXIS 22948, at *35-*36 (S.D.N.Y. Mar. 28, 2007) (citations omitted), *aff'd sub nom. ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187 (2d Cir. 2009).

Second, plaintiffs allege that defendants "misled the market as to the frequency and quality of its ratings surveillance" by concealing that S&P's surveillance was "perpetually late" and its surveillance group was "over-worked, under-staffed, and underfunded." (Compl. ¶ 256; *see also id.* ¶¶ 261, 270, 328.) Missing from plaintiffs' pleadings, however, are the statements that these alleged facts render misleading. Thus, this claim falls short of the PSLRA's particularity threshold, 15 U.S.C. § 78u–4(b). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007).

Third, plaintiffs challenge McGraw-Hill's financial reports because "the overly positive statements describing those numbers were misleading in light of the concealed manner in which they were achieved." (Pls.' Opp. 14.) But plaintiffs admit that the

2

reported earnings figures were accurate, (*see id.*), and a defendant's failure to disclose that its earnings were unsustainable is not securities fraud. *See In re Axis Capital Holdings Ltd. Sec. Litig.*, 456 F. Supp. 2d 576, 587 (S.D.N.Y. 2006).

Finally, plaintiffs have failed to allege facts that constitute "strong circumstantial evidence of conscious misbehavior or recklessness." *ECA & Local 134*, 553 F.3d at 198. Plaintiffs have not set forth facts to support the inference that either McGraw or Bahash knew of facts or had access to information that contradicted either man's statements. *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008.)

## C. *The Court denies the motion to modify the stay of statutory discovery as moot.*

As the Court has granted defendants' motion to dismiss the Complaint, plaintiffs' motion to modify the statutory stay of discovery is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion that the Court take judicial notice of the April 13, 2011 U.S. Senate Permanent Subcommittee on Investigations' Staff Report (Dkt. No. 45) is granted;

2. Plaintiffs' motion that the Court take judicial notice of the existence of an Illinois civil action against McGraw-Hill and S&P (Dkt. No. 52) is granted;

3. Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 40) is granted;

4. Plaintiffs' motion to modify the statutory stay of discovery (Dkt. No. 49) is denied as moot.

Dated: New York, New York
      March 30, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3